Gary J. Smith (SBN 141393)
gsmith@bdlaw.com
Kaitlyn D. Shannon (SBN 296735)
kshannon@bdlaw.com
BEVERIDGE & DIAMOND, P.C.
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Telephone: (415) 262-4000
Facsimile: (415) 262-4040

Attorneys for Plaintiff
Keith Haring Studio LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH HARING STUDIO LLC<br>Plaintiff,<br>vs.<br>REPUBLIC OF FRENDS, INC.<br>Defendant. | Case No. '17CV0257 DMS RBB<br><br>**COMPLAINT FOR BREACH OF CONTRACT, COPYRIGHT INFRINGEMENT, AND VIOLATIONS OF THE LANHAM ACT** |

Plaintiff KEITH HARING STUDIO, LLC ("Haring Studio") alleges as follows:

## INTRODUCTION

1. Defendant Republic of Frends, Inc. ("Frends") violated a license agreement Haring Studio and Frends entered in April 2014 ("License Agreement"). Haring Studio licensed Frends the right to use copyrighted images created by artist Keith Haring on Frends' over ear, on ear, and in ear headphones, headphone power cable, and portable speakers, which Frends designed, marketed, manufactured, and sold. Haring Studio also licensed Frends the right to use Keith Haring-related trademarks in association with the sale of those products. But Frends also created headphone caps, which are decorative inserts that clip onto the exterior of over ear headphones, bearing copyrighted images

created by Keith Haring and Haring trademarks ("Infringing Products"). Frends is not licensed to use copyrighted images or trademarks on headphone caps, and thus, Frends is using copyrighted works and trademarks without permission.

2. Further, under the License Agreement, Frends was required to pay Haring Studio at least $36,000 for the use of the copyrighted images and trademarks. As of the filing of this Complaint, Frends has only paid Haring Studio $12,000. Plaintiff asks this Court to declare that Frends is in violation of the License Agreement for use of copyrighted Keith Haring images on headphone caps and for its failure to pay Haring Studio the full amount of money required under the License Agreement, that Frends has used copyrighted material without authorization, and that Frends has violated the Lanham Act by using Haring trademarks on Infringing Products and the marketing and packaging associated with the Infringing Products without permission. Plaintiff also seeks monetary damages, an order requiring Frends to destroy the Infringing Products, and permanent injunctive relief preventing Frends from producing any products bearing Keith Haring copyrighted images or trademarks.

**PARTIES**

3. Plaintiff Keith Haring Studio, LLC is a Delaware limited liability company with its principal place of business at 676 Broadway, New York, New York 10012.

4. Defendant Republic of Frends, Inc. is a California corporation with its principal place of business at 1031 Regal Road, Encinitas, CA 92024.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S.C. § 1338 (copyright claims), 15 U.S.C. § 1121 (Lanham Act claims), and 28 U.S.C. § 1367 (supplemental jurisdiction over pendant state law claim).

6. The amount in controversy between the parties exceeds $75,000.

7. This Court has personal jurisdiction over Frends because Frends maintains its principal place of business in the District and has contacts with, and conducts

businesses within, the State of California.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Frends resides in this District.

## FACTUAL ALLEGATIONS

9. Keith Haring was an American artist and social activist who created drawings and artwork for gallery installations as well as large-scale, graffiti style exterior murals. His work includes the now famous "Crack is Wack" mural in New York City and numerous similar public artworks throughout the world. During his life, his work was featured in over 100 solo and group exhibits, and his work continues to be shown in the USA and internationally in exhibitions at museums and other major venues. His work is included in the permanent collections of the Museum of Modern Art, the Metropolitan Museum of Art, and numerous other prominent art museums around the world. Mr. Haring passed away from AIDS related complications at the age of 31 in 1990. Haring Studio licenses Keith Haring's copyrighted images and the revenue derived from licensing copyrighted images is directed to the Keith Haring Foundation, Inc., a foundation that supports organizations which provide educational opportunities for children and organizations which promote education, research, and care related to HIV/AIDS.

10. Frends designs, markets, manufactures, distributes, and sells headphones and headphone accessories on its website at https://www.wearefrends.com and through retail stores, including Nordstrom, Inc.

**Haring Studio and Frends Entered a License Agreement**

11. On April 16, 2014, Haring Studio and Frends entered into a License Agreement (incorporated by reference and attached as Exhibit 1). Under the License Agreement, Haring Studio licensed to Frends the right to use certain copyrighted Keith Haring images ("Copyrighted Image(s)") and Keith Haring-related trademarks ("Marks") on specified products designed, manufactured, marketed and sold by Frends.

12. Attached to the License Agreement is "Exhibit A," which identifies what

Frends' products are authorized to bear Copyrighted Images and Marks. The products are over ear headphones, on ear headphones, in ear headphones, headphone power cables, and portable speakers ("Licensed Products").

13. Under the License Agreement, Frends has "the right to create, manufacture, distribute, market, sell and promote the [Licensed Products] using and reproducing the Marks and [Copyrighted] Images … and the right to use and reproduce such Marks and [Copyrighted] Images in connection with the manufacturing, packaging, labeling, advertising, promotion, sale and distribution of the [Licensed Products]." Exhibit 1 at Section 2.

14. The License Agreement is clear that Frends only obtained the right to use Copyrighted Images and Marks on the products specifically identified in Appendix A. *See* Exhibit 1 at Section 1(a) (the products "to which the license applies, the number of designs of each authorized hereunder… shall be specified in the attached Exhibit 'A.'" ); *Id.* at Section 13 ("[a]ll rights not expressly granted hereunder are reserved by and shall remain [Haring Studio's] exclusive property, including, without limitation, all copyrights, trademarks and other intellectual property rights in the [Copyrighted] Images, and all merchandising and commercial rights, other than those expressly granted herein.").

15. By entering into the License Agreement, Frends "acknowledge[d] that [Haring Studio] has valuable property rights in Keith Haring's name and in the [Copyrighted Images,] and in all uses of his name and/or the [Copyrighted Images] as a trademark and/or service mark (the "Marks")." Exhibit 1 at Section 13.

16. For the right to use Copyrighted Images and Marks, Frends agreed to pay Haring Studio, through its authorized representative Artestar, LLC ("Artestar"), a minimum royalty of $36,000 in three equal payments. The first payment of $12,000 was due upon signature of the License Agreement. Frends made the initial payment of $12,000.

17. The second payment of $12,000 was due on or before March 31, 2015

("Second Installment Payment"), and the third payment was due on or before March 31, 2016 ("Third Installment Payment") (collectively, the "Installment Payments").

18. Frends is required to pay Haring Studio a 10% royalty of its sales of Licensed Products (the "Royalty"). Exhibit 1 at Sections 1(e), 6. The Installment Payments are credited against the Royalty payments due during the term of the License Agreement. Exhibit 1 at Section 7.

**Haring Studio Discovered Frends Manufactured Headphone Caps Bearing Unauthorized Reproductions of Copyrighted Images and Marks and Frends Failed to Pay Installment Payments**

19. Under the License Agreement, Frends was required to pay the Second Installment Payment on or before March 31, 2015 for the right to use Copyrighted Images on Licensed Products and the right to make use of the Marks in connection with the Licensed Products.

20. As of the filing of this Complaint, Frends has failed to pay the Second Installment Payment.

21. Before Frends began selling Infringing Products, Frends sought the approval of its designs and products. Specifically, Frends asked Artestar if it had approval to sell headphone caps. Headphone caps are decorative inserts for over ear headphones, which attach onto the exterior of over ear headphones. Headphone caps allow a customer to change the appearance of over ear headphones by purchasing only headphone caps, rather than purchasing a new pair of headphones.

22. On March 6, 2015, Artestar informed Frends that "the individual headphone cap has not been approved yet, as it was not initially discussed as an individual licensed product."

23. Later that same day, Artestar further explained that "we did not approve the [headphone] cap as a stand-alone product. This is not part of the plan that you presented or the license agreement that was entered into."

24. On March 22, 2015, Frends proposed to Artestar updating the agreement to

include the selling of headphone caps.

25. The License Agreement was not amended or updated to permit the sale of headphone caps.

26. In approximately November 2015, Haring Studio discovered that Frends manufactured headphone caps bearing Copyrighted Images and sold them under the Haring Marks, which are Infringing Products.

27. Upon information and belief, Frends manufactured approximately 2500 units of Infringing Products.

28. The License Agreement does not authorize Frends to use Copyrighted Images on headphone caps or to market headphone caps under the Marks because headphone caps are not identified in Appendix A of the License Agreement.

29. Manufacturing this Infringing Product and failing to pay the Second Installment Payment are material breaches of the License Agreement.

**Haring Studio Notified Frends of its Material Breach of the License Agreement**

30. Under the License Agreement, Haring Studio has the right to terminate the term of the License Agreement early if Frends is in material breach of the License Agreement, Haring Studio notifies Frends of the breach, and Frends fails to cure the breach within ten days after receiving written notice. Exhibit 1 at Section 17(b).

31. On December 22, 2015, Haring Studio notified Frends in writing that Frends was in material breach of the License Agreement by producing Infringing Products and making unauthorized use of Marks (incorporated by reference and attached as Exhibit 2).

32. In the December 22, 2015 letter, Haring Studio demanded that Frends stop selling and distributing the Infringing Products, that Frends provide information about how Frends manufactured the Infringing Products and the total amount of Infringing Products sold or distributed and the proceeds from such sales, that Frends deliver all remaining Infringing Products to Haring Studio, that Frends compensate Haring Studio for the unauthorized use of the Keith Haring trademark, and that Frends pay the Second

Installment Payment of $12,000.

33. Haring Studio's December 22, 2015 letter constituted written notice of a material breach for Frends' production of Infringing Products and its failure to pay the Second Installment Payment.

**Frends Has Not Cured Its Material Breach**

34. Frends did not comply with Haring Studio's demands set forth in the December 22, 2015 letter.

35. Further, under the License Agreement, Frends was required to pay the Third Installment Payment on or before March 31, 2016. As of the filing of this Complaint, Frends has also failed to make this payment. Failure to pay the Third Installment Payment is also a material breach of the License Agreement.

**Haring Studio Has Suffered Real and Substantial Harm by Frends' Manufacture and Sale of Infringing Products**

36. Haring Studio has suffered direct and serious harm because Frends' unauthorized use of Copyrighted Images dilutes the value of the copyrighted Keith Haring works. Frends' unauthorized use of Keith Haring's Copyrighted Images undermines Haring Studio's efforts to license Keith Haring copyrighted works to provide revenue for the Keith Haring Foundation.

37. Plaintiff's manufacture of Infringing Products appears to be willful as Artestar notified Frends that Frends was manufacturing Infringing Products, but, upon information and belief, Frends did not stop manufacturing these products or remove these products from its website.

38. Frends' actions described herein also dilutes the value of Haring Studio's Marks in Keith Haring's name and artistic images.

39. Haring Studio has also lost at least $24,000 that it is owed under the License Agreement because Frends has refused to make the two guaranteed Installment Payments. Exhibit 1 at Section 1(f).

## COUNT ONE: DECLARATORY JUDGMENT

40. Plaintiff realleges and incorporates by reference paragraphs 1 through 39 of this Complaint.

41. An actual dispute and controversy has arisen and now exists among the parties to this action concerning their respective rights and duties.

42. Plaintiff requests a judicial determination of the parties' rights and duties and a declaration that Defendant is liable to Plaintiff for its material breach of the License Agreement by designing, manufacturing, promoting, and selling Infringing Products and its failure to pay two Installment Payments.

43. Plaintiff is entitled to a declaratory judgment establishing the liability of Defendant for such action described herein.

44. Accordingly, Plaintiff seeks a declaration that Frends has breached the License Agreement, that Frends must deliver the Infringing Products to Haring Studio, that Frends must verify that all Infringing Products have been delivered to Haring Studio, and that Frends must pay Haring Studio both outstanding Installment Payments.

## COUNT TWO: BREACH OF CONTRACT

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 of this Complaint.

46. Haring Studio and Frends entered into a written License Agreement on April 16, 2014.

47. Haring Studio performed under the License Agreement by authorizing Frends to use Copyrighted Images and Marks on and in association with the manufacture, promotion, packaging, and sale of Licensed Products.

48. Frends breached the License Agreement by designing, manufacturing, promoting, and selling headphone caps bearing unauthorized reproductions of copyrighted Keith Haring works and using Marks without authorization.

49. Frends also breached the License Agreement by failing to pay two Installment Payments as required under the License Agreement.

50. Haring Studio has been damaged by Frends' breach of the License Agreement because Frends' has failed to pay Installment Payments to Haring Studio and Frends is diluting and devaluing the Copyrighted Images and Marks of Keith Haring by producing Infringing Products.

**COUNT THREE: VIOLATION OF 17 U.S.C. § 501**

**(Copyright Infringement)**

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 50 of this Complaint.

52. The actions of Frends described above and specifically, without limitation, their unauthorized use of copyrighted Keith Haring works in commerce to advertise, promote, market, and sell headphone caps throughout the United States, constitute copyright infringement in violation of 17 U.S.C. §501.

53. The actions of Frends, if not enjoined, are likely to continue. Haring Studio has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with its copyrighted images and injury to Haring Studio's business. Haring Studio seeks injunctive relief pursuant to 17 U.S.C. § 502 to prevent and restrain infringement of its copyright by Frends.

54. Haring Studio also seeks an order from this Court that Frends must deliver to Haring Studio all Infringing Products and the designs, molds, or other articles by which such products were produced pursuant to 17 U.S.C. § 503.

55. Pursuant to 17 U.S.C. §504, Haring Studio is entitled to recover damages in an amount to be determined at trial and the profits made by Frends from the sale of Infringing Products.

56. Alternatively, pursuant to 17 U.S.C. §504, Haring Studio seeks statutory damages instead of actual damages and profits. Haring Studio is informed and believes, and on that basis alleges, that the actions of Frends were undertaken willfully and requests statutory damages of $150,000.

57. Pursuant to 17 U.S.C. §505, Haring Studio also seeks its costs and attorney's fees.

## COUNT FOUR: VIOLATION OF 15 U.S.C. § 1114

### (Trademark Infringement)

58. Plaintiff realleges and incorporates by reference paragraphs 1 through 57 of this Complaint.

59. Haring Studio has valuable property rights and interest in Haring Studio's Marks. Frends explicitly acknowledged this interest when it signed the License Agreement.

60. The License Agreement does not authorize Frends to the use the Marks on headphone caps or on the packaging and marketing materials for headphone caps.

61. The actions of Frends described above and specifically, without limitation, their unauthorized use of Marks in commerce to advertise, promote, market, and sell headphone caps throughout the United States, constitute trademark infringement in violation of 15 U.S.C. § 1114.

62. The actions of Frends, if not enjoined, is likely to continue. Haring Studio has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with its Marks and injury to Haring Studio's business. Haring Studio is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

63. Pursuant to 15 U.S.C § 1117(a), Haring Studio is entitled to recover damages in an amount to be determined at trial, profits made by Frends on sales of Infringing Products, and the costs of this action. Furthermore, Haring Studio is informed and believes, and on that basis alleges, that the actions of Frends were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Haring Studio to recover treble damages and reasonable attorneys' fees pursuant to 15 U.S.C § 1117(b).

64. In the alternative, pursuant to 15 U.S.C § 1117(c), Haring Studio is entitled

to statutory damages of up $200,000 per infringement, or if this Court finds that the infringement was willful, damages up to $2,000,000 per infringement.

**COUNT FOUR: VIOLATION OF 15 U.S.C. § 1125(a)**

**(False Advertising)**

65. Plaintiff realleges and incorporates by reference paragraphs 1 through 64 of this Complaint.

66. Frends has made and distributed in commerce products, packaging, and advertisements that contain false and misleading statements of fact. The headphone caps, packaging, and advertisements contain the word "Keith Haring", which is misleading and likely to cause confusion as to the origin, sponsorship, or approval in the design, marketing, production, and sale of the Infringing Products.

67. Frends' false and misleading statements injure both consumers and Plaintiff.

68. Frends' false and misleading statements violate 15 U.S.C. § 1125(a).

69. Frends has caused, and will continue to cause, immediate and irreparable injury to Haring Studio, including injury to Haring Studio's business, reputation and goodwill, for which there is no adequate remedy at law. Plaintiff is therefore entitled to an injunction under 15 U.S.C. § 1116 restraining Frends, its agents, employees, representatives and all persons acting in concert with Frends from engaging in future acts of false or misleading advertising and order removal of all of Frends' false or misleading statements.

70. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is further entitled to recover from Frends the damages sustained by Plaintiff and Frends' profits as a result of Frends' acts in violation of 15 U.S.C. § 1125(a) and the costs of this Action. Further, Haring Studio is informed and believes, and on that basis alleges, that Frends' conduct was undertaken willfully with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Haring Studio to recover additional damages and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in their favor and against Defendant. Without limiting the generality of the foregoing, Plaintiff prays that this Court enter judgment against Defendant as follows:

1. That Defendant be adjudged to have violated the License Agreement by selling headphone caps bearing Copyrighted Images and Marks and by failing to make two Installment Payments;

2. That Defendant be adjudged to have violated 17 U.S.C. § 501 for its unauthorized use of Copyrighted Images in commerce;

3. That Defendant be adjudged to have violated 15 U.S.C. §§ 1114 and 1125(a) for its unauthorized use of Marks and its false and misleading statements in commerce to advertise, promote, market, manufacture, and sell headphone caps;

4. That Plaintiff be granted injunctive relief under 17 U.S.C. § 502 to prevent and restrain infringement of its copyright;

5. That Defendant be ordered to deliver all Infringing Products and the designs, molds, or other articles by which such products were produced pursuant to 17 U.S.C. § 503 to Haring Studio and provide an affidavit signed by an officer or director of Frends verifying that such delivery constitutes all remaining inventory thereof; and that Frends file, within 10 days from entry of an order, a declaration with this Court signed under penalty of perjury certifying the manner in which Frends has complied with the terms of the order;

6. That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 *et seq.* ordering that Frends be enjoined from selling, distributing, marketing, promoting, advertising, or manufacturing the Infringing Products and any other infringing reproduction or use of any Mark; that Frends immediately deliver to Haring Studio all remaining units of the Infringing Products and provide an affidavit signed by an officer or director of Frends verifying that such delivery constitutes all remaining inventory thereof; and that Frends file, within 10 days from entry of an injunction, a declaration

with this Court signed under penalty of perjury certifying the manner in which Frends has complied with the terms of the injunction;

7. That Plaintiff be awarded Defendant's profits derived by selling Infringing Products;

8. That Plaintiff be awarded $24,000 representing the total owed as Installment Payments under the License Agreement;

9. That Plaintiff be awarded damages pursuant to 17 U.S.C. § 504 sufficient to compensate it for the damage caused by Defendant's actions described herein, or in the alternative, the maximum statutory damages allowed under this Section;

10. That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117 sufficient to compensate it for the damage caused by Defendant's actions described herein;

11. That such damages and profits be trebled and awarded to Plaintiff and that Plaintiff be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act or, in the alternative, that pursuant to 15 U.S.C § 1117(c), Plaintiff be awarded the maximum statutory damages allowed under this Section;

12. That Plaintiff be granted prejudgment and post judgment interest;

13. That Plaintiff be granted costs and attorney's fees associated with the prosecution of this action; and

14. Such other and further relief as this Court deems just and proper.

Dated: February 9, 2017

BEVERIDGE & DIAMOND, P.C.

By /s/ Kaitlyn D. Shannon
Gary J. Smith
Kaitlyn D. Shannon

Attorneys for Plaintiff
Keith Haring Studio LLC